UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:12-418-3 |
| | § | CIVIL NO. 2:16-362 |
| ROBERTO GARZA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Roberto Garza (hereinafter "Movant" or "Garza") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 888).[1] The United States of America (the "Government") filed a motion to dismiss (D.E. 898), to which Movant responded (D.E. 944). For the reasons stated herein, the Government's motion to dismiss is granted, and Movant's § 2255 motion is denied.

## I. Background[2]

This case concerns a conspiracy to smuggle large quantities of marijuana from Mexico into the United States, involving at least a dozen individuals, from 2003 to 2012. In 2006, codefendants Jesus Lopez and Jose Carbajal met with Movant, who had been trafficking in marijuana since at least 2004 using an employee to drive shipments into the United States. Soon after that meeting, Movant, his brother, and other distributors began dropping off 500-to-1,500-pound loads of marijuana at Carbajal's ranch. While investigating the conspiracy, the Government seized marijuana on a number of occasions

---

1. All citations to the docket sheet refer to Criminal Case No. 2:12-418-3.
2. The background is recited from the Fifth Circuit's opinion in *United States v. Lopez*, 582 F. App'x 438 (5th Cir. 2014), and Movant's Presentence Investigation Report (PSR), D.E. 527.

between 2003 and 2012. Agents also executed a search warrant on Movant's home, where they located 24 firearms and 1,365.76 kilograms of marijuana.

In May 2012, Movant and eleven other coconspirators were indicted for conspiracy with intent to distribute more than 1,000 kg of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Movant and two others went to trial, and a jury found all three guilty.

The Probation Office prepared a Presentence Investigation Report (PSR), which assigned Movant a base offense level of 38 based on drug quantity (30,000 kg of marijuana). He received enhancements because he possessed a dangerous weapon (2 levels); used violence, made a credible threat to use violence, or directed the use of violence (2 levels); maintained a premises for the purpose of manufacturing or distributing a controlled substance (2 levels); and was deemed an organizer/leader of criminal activity that involved five or more participants or was otherwise extensive (4 levels). The PSR also noted that Movant had been recently arrested in Hidalgo County, Texas, for possession of more than 2,000 pounds of marijuana and faced capital murder charges in Texas for the death of David Alejandro Martinez. With a total offense level of 48 and criminal history category II, Movant's guideline sentence was life imprisonment.

The Court sentenced Movant to life, to be followed by 10 years' supervised release. He appealed, and the Fifth Circuit affirmed his conviction and sentence on May 26, 2015. *United States v. Lopez*, 582 F. App'x 438 (5th Cir. 2014). Movant filed the instant § 2255 motion on August 24, 2016. It is timely.

2

## II. Movant's Claims

Movant's § 2255 motion raises the following grounds for relief:

A. "Ineffective assistance of trial counsel in violation of U.S. Const. Amend. VI;"

B. "To bring Defendants under a conspiracy that only has in common the use of a point of entry of drugs is to stretch a rule beyond its limits;"

C. "The concept of marijuana being labelled as a Category One crime against the current trend of legalization demands an updated approach to such issue more so when life imprisonment is imposed;" and

D. "Dropped state charges involving firearms were used to enhance his sentence."

D.E. 888, pp. 4, 5, 6, 8.

## III. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

3

## IV. Analysis

### A. Ineffective Assistance of Counsel[3]

#### 1. Ineffective Assistance of Counsel Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient

---

[3] Attorney Amador C. Garcia represented Movant at trial, sentencing, and on appeal.

showing on one."). To show prejudice in the sentencing context, a movant must show that counsel's deficient performance resulted in any amount of prison time above that the petitioner would have received if the forfeited complaint had been advanced at trial or on appeal. *United States v. Grammas*, 376 F.3d 433, 438–39 (5th Cir. 2004).

**2. Analysis**

### a. Ineffective Motion for New Trial

Movant first complains that, in the motion for new trial filed shortly after sentencing, counsel alleged perjury by a Government witness but did not specify which witness. *See* D.E. 612. Counsel also failed to subpoena Movant's hospital records, which Movant claims would show that he was in the hospital with kidney problems at a date and time when the witness testified that Movant was at some site.

Movant's § 2255 motion and his response to the Government's motion to dismiss both fail to identify which Government witness allegedly gave perjured testimony at trial or the substance of that testimony, including the time, date, and location the witness claimed to have seen Movant.[4] Moreover, neither filing identifies the hospital records that counsel should have subpoenaed, nor does Movant allege that these records were available at the time of trial. On this record, the Court cannot find that counsel's performance was deficient.

---

4. Movant's reply brief claims that "Rice and Carbajal put Mr. Garza in a definite place, when in fact he was confined to a hospital bed," but then goes on to say that "it is not clear from the record whether that incident is related to the assertion made by Movant that a material witness committed perjury." D.E. 944, pp. 4–5.

### b. "Inconsistent" Appellate Brief

Next, Movant complains that the Fifth Circuit pointed out an inconsistency in the appellate brief filed by counsel. Specifically, the Fifth Circuit noted that:

> Garza's brief is somewhat inconsistent in how it frames this issue [of variance between the indictment and evidence at trial]. Garza labels it a challenge to the sufficiency of the evidence in the headings of his brief. But, in the body of his brief, he discusses the factors this Court uses to determine whether there has been a variance between the indictment and proof at trial, and he then applies those factors to his case. Thus, despite the headings in his briefing, we will construe this as a variance argument.

*United States v. Lopez*, 582 F. App'x 438, 446 (5th Cir. 2014).

Movant does not argue that the Fifth Circuit should have construed his argument as a challenge to the sufficiency of the evidence, nor does he allege that the outcome of his appeal would have been different but for the inconsistencies between the headings and the body of the brief filed by counsel. Because Movant fails to even allege prejudice, the Court need not consider whether counsel's appellate briefing was deficient.

### c. "Uncertainty" at Sentencing

Movant further complains that there was "uncertainty" at sentencing about whether counsel was requesting a downward departure or a downward variance. Specifically, when asked by the Court whether he was "proceeding under the guidelines or . . . under 3553 factors," counsel responded, "Well, both." Sent. Tr. at 43:2-4. The Court ultimately stated that it was "going to deny the Defendant's request for a departure or a variance. However, it was presented to the Court and either way, it's – it's denied." *Id.* at 43:22-24.

6

Again, Movant does not explain how counsel's arguing for both a downward departure and a downward variance at sentencing prejudiced Movant in any way. Because Movant fails to even allege prejudice, the Court need not consider whether counsel's performance at sentencing was deficient.

### d. Failure to Discuss Presentence Report

Finally, Movant claims that counsel never discussed the PSR with him before sentencing and that he was only able to read his PSR after his case manager at the Bureau of Prisons in Tucson provided him with a copy.

At sentencing, Movant testified under oath that he had received a copy of the PSR, had read and discussed it with counsel, and was satisfied with counsel's services. 2/22/2013 Sent. Tr., D.E. 679 at 4:18–5:1. This sworn statement in open court is entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Movant also provided his own handwritten objections to the PSR, which counsel filed on January 22, 2013—one month before sentencing. D.E. 566. Because the record clearly belies Movant's claim that counsel did not discuss the PSR with him before sentencing, counsel was not deficient on this ground.

### B. Conspiracy Stretched "Beyond its Limits"

Movant asserts that "[a]n initial glimpse at the facts seems to indicate that there is not one conspiracy, but many having the common feature of using the same drug entry point into the United States." D.E. 888, p. 5.

On appeal, the Fifth Circuit noted that Movant "essentially argues that the Government only proved a series of smaller conspiracies instead of the single,

7

overarching conspiracy charged in the indictment." *Lopez*, 582 F. App'x at 447. The Fifth Circuit rejected Movant's argument that there were multiple conspiracies and instead concluded that "the proof at trial proved the single conspiracy charged in the indictment." *Id.* at 448. Because Movant's claim that there were multiple conspiracies was decided against him on appeal, it is procedurally barred under § 2255. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

### C. Marijuana as a Schedule I Controlled Substance

Movant next claims that "there is no valid reason for the United States government to maintain [marijuana] as a Category One crime, while as of June, 2016[,] 25 states and Washington DC have legalized the use of medical marijuana." D.E. 888, p. 6.

This claim is not cognizable under § 2255. *See United States v. Burton*, 894 F.2d 188, 192 (6th Cir. 1990) ("[M]arijuana is presently classified as a Schedule I substance . . . . "[I]t has repeatedly been determined, and correctly so, that reclassification is clearly a task for the legislature and the attorney general and not a judicial one.") (citing *United States v. Greene*, 892 F.2d 453 (6th Cir. 1989); *United States v. Wables*, 731 F.2d 440, 450 (7th Cir. 1984); *United States v. Middleton*, 690 F.2d 820, 823 (11th Cir. 1982)).

### D. Firearm Enhancement at Sentencing

Finally, Movant claims that the PSR erroneously enhanced his sentence by two points "for gun charges that were subsequently dismissed by the state of Texas" and that "firearms charges imputed to him as part of a conspiracy in which he was not in possession of firearms are no longer valid." D.E. 888, p. 8.

Movant's two-level enhancement for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) arose from the 24 firearms discovered at Movant's home that were deemed relevant to the drug trafficking conspiracy. PSR ¶¶ 45, 52. The enhancement was not based on any gun charges in the State of Texas. Moreover, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

## V. MOTION FOR EVIDENTIARY HEARING

Movant's reply brief states that "[m]any of the issues raised or to be raised could be the subject of an evidentiary hearing where the facts could be clarified, and judgement [*sic*] modified to best serve the interests of justice." D.E. 944, p. 8. The Court construes this statement as a motion for an evidentiary hearing.

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (if the record is adequate to fairly dispose of the petition, no hearing is required). No evidentiary hearing is required in this case. Accordingly, Movant's motion for an evidentiary hearing is **DENIED**.

## VI. MOTION TO SUPPLEMENT REPLY BRIEF

Counsel for Movant further moves that he "be allowed to supplement [his reply brief] as a meeting with Mr. Garza is being scheduled in Arizona in December, for the purpose of gathering more data . . . ." D.E. 944, p. 8.

Movant's response to the Government's motion to dismiss was originally due February 28, 2017. D.E. 894. Movant has since requested—and been granted—a total of four extensions of time to file his response brief. *See* D.E. 905, 916, 925, 941. The Court's September 26, 2017 Order granting an extension until November 10, 2017, explicitly stated that it was "the fourth and final extension the Court will grant in this matter." D.E. 941. Accordingly, Movant's motion to supplement his reply brief is **DENIED**, and his Supplementary Response filed November 25, 2017, (D.E. 948) is hereby **STRICKEN**.

## VII. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VIII. Conclusion

For the foregoing reasons, the Government's motion to dismiss (D.E. 898) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 888) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** this 17th day of January 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE