United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> ROBERTO GARZA, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § | CRIMINAL NO. 2:12-418(S)-3 |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Roberto Garza's Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) and Request for Hearing (D.E. 1114), to which the Government has responded (D.E. 1116). For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

Defendant has served approximately 114 months of a life sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. He now moves the Court for a second time to reduce his life sentence to time served and add a 10-year term of supervised release because his hypertension and suppressed immune system due to kidney transplant make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison.

The Court previously denied relief by written Memorandum Opinion & Order dated May 7, 2021, explaining, "Courts in this district have repeatedly denied compassionate release to high-risk inmates who have been vaccinated against COVID-19, 'finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing

1

complications related to a COVID-19 infection.'"" D.E. 1103, p. 6 (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to inmate with underlying health conditions who had received first Pfizer vaccine dose); *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021)). "Because Defendant is 'at little-to-no risk of severe COVID-19 [] after receiving his second Pfizer dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case.'" *Id.*, p. 7 (quoting *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021)).

Defendant filed a notice of appeal on June 28, 2021, but eventually dismissed his appeal, choosing to instead file a second motion for compassionate release specifically addressing the matter of COVID-19 vaccine effectiveness in organ transplant recipients. Before filing the instant motion, he submitted an administrative request with the warden on September 30, 2021, again requesting compassionate release based on the possibility of immunocompromising conditions stemming from a kidney transplant he received in 2010 and hypertension, as well as the risk presented should he contract COVID-19. The warden denied this request. On October 5, 2021, Defendant submitted another request because it was "completely impossible" to protect himself from COVID-19 because he could not receive a third dose of the COVID-19 vaccine. On November 8, 2021, he received a third dose of the vaccine.

The Government opposes a sentence reduction because Defendant does not present an extraordinary and compelling reason permitting relief, he continues to present a danger to the community, and he has significant time remaining on his sentence.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—
>
> > (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other

3

things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

## III. ANALYSIS

The Government argues that, by being vaccinated, Defendant has provided effective "self-care" against COVID-19 and does not present any extraordinary and compelling reason allowing compassionate release. As courts in this district have previously recognized, "'Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit.'" *United States v. Monge-Melendez*, 2021 WL 5987093, at *4 (S.D. Tex. Dec. 15, 2021) (Rainey, J.) (quoting *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021)); *United States v. Duggins*, 2021 WL 5449642, at *4 (S.D. Tex. Nov. 22, 2021) (Ramos, J.) (same). Finally, there are currently zero active COVID-19 cases among inmates at USP Tucson, where Defendant is being held.

Defendant contends that he remains vulnerable to severe illness or death from COVID-19, despite being fully vaccinated and receiving a booster, because the immunosuppressive drugs he is taking due to a kidney transplant reduce the effectiveness of the vaccine. *See United States v. Sandoval*, 2021 WL 673566 (W.D. Wash. Feb. 22, 2021) (granting compassionate release despite defendant's receipt of first dose of vaccine and despite recovering from COVID, citing physician stating that recipients of organ transplants do not develop antibodies to the disease at the same rate as the general population); Jason Laday, *COVID-19 vaccine response varies widely among immunocompromised patients*, Healio.com, July 8, 2021, *available at*

4

https://www.healio.com/news/rheumatology/20210708/covid19-vaccine-response-varies-widely-among-immunocompromised-patients.

Even assuming Defendant is correct that he remains vulnerable to COVID-19 despite his vaccination status, the Court finds that the § 3553(a) factors nonetheless weigh against compassionate release. This case concerns a conspiracy to smuggle at least 30,000 kilograms of marijuana from Mexico into the United States, involving at least a dozen individuals, between 2003 and 2012. As detailed in the Presentence Investigation Report (PSR, D.E. 527), a search of Defendant's home during the investigation into the conspiracy uncovered 1,365.76 kilograms of marijuana and 24 firearms, including a .50 caliber rifle, a sawed-off shotgun, at least three handguns, eight shotguns, and several rifles. One co-conspirator ("CC-8") reported that Defendant and another co-defendant once placed a bag over CC-8's head, transported him to a secluded location, and assaulted him because they thought he might be working with law enforcement. He received sentencing enhancements because he possessed a dangerous weapon; used violence, made a credible threat to use violence, or directed the use of violence; maintained a premises for the purpose of manufacturing or distributing a controlled substance; and was deemed an organizer/leader of criminal activity that involved five or more participants or was otherwise extensive.

The Court sentenced Defendant to a Guideline sentence of life imprisonment. Having considered the factors set forth in § 3553(a), the Court finds that a 114-month sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes. The Court further notes that, despite Defendant's Release

5

Plan indicating that he plans to live with his sister, a sentence reduction would not result in Defendant's release from custody. He still faces a separate unserved life sentence in Texas for the 2011 capital murder of David Alejandro Martinez. *See Garza v. State*, No. 13-14-00530-CR, 2015 WL 7352675, at *1 (Tex. App. – Corpus Christi 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling circumstances do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission. Defendant's Second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) and Request for Hearing (D.E. 1114) is therefore **DENIED**.

**ORDERED** on ___1/11/2022___.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE